HARLINGTON WOOD, Jr., Circuit Judge,
dissenting.
I respectfully dissent because I believe this appeal was untimely filed with regard to the preemption issue and therefore this court does not have jurisdiction to decide that issue.
The appellant asks us to decide two issues on this appeal: (1) whether Iowa Code section 327G.62, Iowa’s rent control law, is preempted by federal bankruptcy law; and (2) whether the district court judge has jurisdiction to determine rent for the Iowa property. The majority takes jurisdiction over the first issue but not the second. I do not think we have jurisdiction to entertain either. In my view Chief Judge McGarr first decided the preemption issue in his November 1, 1983 order (Order No. 621), wherein he confirmed the trustee’s sale of the Chicago, Rock Island and Pacific Railroad Company’s properties in Melvin *304 and Goodell, Iowa to Kent “free of liens and other claims (including ... any claim or right of any person, firm, corporation or governmental entity under House File 2334).” All parties agree that House File 2334 includes Iowa Code section 327G.62.[1] Therefore, if Sanborn wished to appeal the issue whether federal bankruptcy law preempts section 327G.62, it should have timely filed an appeal from the November 1, 1983 Order No. 621. Instead Sanborn chose to forum shop. It went to the Iowa Transportation Regulation Authority and obtained a ruling setting rent and circumventing Order No. 621. Not until after the Authority ruled in Sanborn’s favor and Kent returned to Chief Judge McGarr and obtained an order entered August 21, 1984 directing compliance with Order No. 621 did Sanborn file the current appeal raising the section 327G.62 preemption issue which was originally decided on November 1, 1983. That appeal, filed as it was on October 29, 1984, is untimely to the extent it seeks to overturn Order No. 621’s decision on preemption, which was entered in 1983. See F.R.A.P. 4 (parties have thirty days from the entry of judgment by district courts to file appeals in civil cases).[2]
I therefore respectfully dissent.

. Lest there was any confusion on the meaning of Order No. 621 Judge McGarr, in his August 21, 1984 order directing compliance with Order No. 621, stated that the order’s reference to House File 2334 “is broad enough to encompass all of House File 2334, which includes section 327G.62_ Order No. 621 cannot be read only to preclude claims under section 327G.78.”

. As the majority correctly points out, the second issue, whether the district court has the authority to determine rent, is not ripe for decision because the district court judge did not actually determine rent in his August 21, 1984 order, only that he had the authority to determine rent.